HON. BENJAMIN H. SETTLE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| JEMEL STRICKLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICOLD LOGISTICS, LLC, a Delaware limited liability company,<br><br>Defendant. | NO. 3:26-cv-05670-BHS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff Jemel Stricklen ("Plaintiff"), by his undersigned counsel, pursuant to FRCP and Local Rule 15(a)(1)(b) for his amended class action complaint against Defendant Americold Logistics, LLC ("Defendant"), alleges as follows:

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in systematic wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant removed this action to Federal Court and this Court has removal jurisdiction under 18 U.S.C. § 1441.

2.2 Venue. Venue is proper in the Tacoma Division because Plaintiff properly brought this case in Pierce County Superior Court and Defendant removed therefrom.

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiff. Plaintiff Jemel Stricklen is a resident of Pierce County, Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt employee in its Tacoma, Washington facility from July 1, 2024, to September 11, 2024.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

3.2 Defendant. Defendant is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Defendant operates temperature-controlled warehouses with over 200 locations multi-nationally.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to FRCP 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from May 14, 2023, to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. Defendant contends that more than 700 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

i. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

j. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

k. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;

l. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

m. Whether Defendant has violated RCW 49.12.020;

n. Whether Defendant has violated WAC 296-126-092;

o. Whether Defendant has violated RCW 49.46.130;

p. Whether Defendant has violated RCW 49.46.090;

q. Whether Defendant has violated RCW 49.46.210;

r. Whether Defendant has violated RCW 49.48.010;

s. Whether Defendant has violated WAC 296-126-025;

t. Whether Defendant has violated WAC 296-128-620;



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

u. Whether Defendant has violated RCW 49.52.050; and

v. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

### A. Plaintiff's employment, schedule, pay, and duties.

5.1 Plaintiff worked as an Order Picker in Defendant's Tacoma, Washington location.

5.2 Plaintiff was paid hourly as a non-exempt employee between July 1, 2024, and September 11, 2024.

5.3 Plaintiff was generally scheduled for the graveyard shift from approximately 6:00 p.m. to approximately 4:30 a.m., four days a week.

5.4 Plaintiff's work involved fulfilling orders by gathering the necessary items in Defendant's cold-storage/freezer warehouse environment. Plaintiff had to wear cold-weather clothing and protective gear for most of his shift, as the freezer was very cold.

5.5 Plaintiff was assigned an order to fulfil, and he would select the items necessary and place them on a pallet, and once completed, wrap the pallet and prepare it for delivery.

### B. Off-the-Clock Work.

5.6 Plaintiff regularly performed compensable work after clocking out, including clean-up work and pallet-jack-related work at the end of his shift.

5.7 Plaintiff performed this off-the-clock work approximately twice per week, for approximately 1-2 minutes per incident.

5.8 Plaintiff performed this work after clocking out because the work needed to be completed for Defendant's operations, including cleaning up the work area and addressing or fixing pallet-jack issues before the morning crew arrived.

5.9 Plaintiff would clock out, and then return to his worksite to ensure that everything was clean, and he would sometimes need to tidy up. He did this because he, and others, were warned that they would be disciplined if they left any mess.

5.10 Plaintiff recalls this happened during his second week of work, after the first time he was reprimanded for leaving a purported mess. He swept the area he worked in after clocking out during the week starting July 8, 2024, through July 14, 2024.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.11 Other times, he would sweep, pick up extra plastic wrap that was on the ground, and moved pallet jacks out of the way. These events usually took 1-3 minutes each time.

5.12 Defendant failed to record and pay this time, resulting in unpaid straight-time wages, unpaid overtime wages in weeks exceeding forty hours, inaccurate records, under-accrual of paid sick leave, and unpaid wages at termination.

### C. <u>Failure to Provide Meal Breaks.</u>

5.13 Plaintiff's shifts were generally scheduled from 6:00 p.m. to 4:30 a.m.

5.14 On most occasions, Plaintiff took a meal period from 10:00pm to 10:30pm, which was approximately 4 hours into his shift, but he then worked 6 hours without a recorded break, meaning he worked more than 5 hours without a meal break. For example, on August 4, 2024, Plaintiff clocked in at 6:05 pm and took his meal break at 10:02 pm, clocked in from his meal break at 10:33 pm, and clocked out for the day at 4:24 am. This means he worked 5.85 hours without a meal break. Plaintiff worked more than 5 hours without a meal break approximately 80% of the shifts based on his timekeeping records.

5.15 Many of Plaintiff's shifts were 10 or more hours long, but Plaintiff never took a second meal break. For example, Plaintiff worked more than 10 hours without a second meal break on July 15, 29, August 12, 15, 16, 19, 25, 2024, 30, and September 2, 2024.[1]

5.16 Plaintiff took meal periods under thirty minutes in length on July 12, 15, 19, August 11, 15, 19, 22, and September 6, 2024.

5.17 Plaintiff was not paid any premiums or additional pay for non-conforming breaks.

5.18 Defendant failed to record and pay this time, resulting in unpaid straight-time wages, unpaid overtime wages in weeks exceeding forty hours, and unpaid wages at termination.

/ / /

---

[1] Plaintiff worked overnight, which means these periods span two days, but to simplify, the date listed is the first of the two days.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

### D. Failure to Provide Rest Periods.

5.19 Plaintiff and other Order Pickers working in the freezer generally were told to go on a ten-minute break at the time that most people were finishing up orders.

5.20 Because not all orders were the same, some people were not yet finished and had to spend a few minutes finishing orders when most of the Order Pickers went on break. Those who finished up would then join their co-workers on break.

5.21 Regardless of when each individual went on break, all Order Pickers returned from break at the same time, causing some individuals to have a less-than-ten-minute break.

5.22 Plaintiff knows that he was not able to go on break at the break time August 8-12, 2024 (he worked Thursday to Monday). He estimates this happened to him about 30% of the time.

5.23 Plaintiff is under the information and belief that the rest break procedure was intended as a deterrent to slow work, as the slower workers were not allowed to take full breaks, even though they wanted to take full breaks.

5.24 Plaintiff was not paid any premiums or additional time worked for the times he was unable to take a full ten-minute break.

5.25 Defendant failed to record and pay this time, resulting in unpaid straight-time wages, unpaid overtime wages in weeks exceeding forty hours, and unpaid wages at termination.

### E. Failure to Properly Pay Overtime Wages

5.26 Defendant did not pay overtime wages for time worked that was not recorded.

5.27 Defendant attempted to pay overtime based on the regular rate, as Plaintiff and others were paid shift differentials (or premiums) for overnight shifts. However, the regular rate calculation sometimes results in an underpayment.

5.28 Overtime underpayments are both a derivative claim, based on time not recorded, as well as an independent claim based on mis-calculation of regular rates.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

**F. Failure to Properly Accrue Paid Sick Leave**

5.29 Defendant's failure to record and pay all hours worked, including off-the-clock work, caused under-accrual of paid sick leave because sick leave accrued based all hours recorded.

**G. Failure to Pay All Wages Due at Separation.**

5.30 Plaintiff was not paid all unpaid wages as alleged herein at separation when fully due (including unpaid off-the-clock time, unpaid premium pay associated with break violations, and any other earned compensation).

**H. Failure to maintain accurate payroll records.**

5.31 Defendant failed to maintain accurate time and pay records reflecting all hours worked and all wages owed because it did not properly record all hours worked. Post-shift work and work that occurred during breaks were not captured by the timekeeping system.

**I. Defendant's Actions were willful.**

5.32 In addition to tracking time, Defendant's timekeeping system tracked whether employees clocked in and out early or late, based on their shifts, as well as whether breaks were short, or whether a second meal break was taken.

5.33 For example, Plaintiff had to affirmatively state that he knew he was coming to break early than 30 minutes in order to clock back in.

5.34 Defendant's timekeeping system flagged short and second meal break issues no fewer than 11 times, but Plaintiff was not provided with any recourse, despite these issues.

5.34 Defendant's group scheduling of rest breaks while not ensuring that everyone took the entire rest break period was purposeful and willful as it was a tool to discourage slow work and effectively punish slower workers by not ensuring a full-ten minute break was taken.

5.35 Despite being wholly aware of the issues, Defendant failed to take action to correct the issues it caused.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VI. SUMMARY OF CLASS-WIDE FACTUAL ALLEGATIONS

6.1 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

6.2 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

6.3 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

6.4 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

6.5 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

6.6 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

6.7 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

6.8 Defendant had actual or constructive knowledge of the facts set forth above.

6.9 Failure to provide meal breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

6.10 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

6.11 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.12 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

6.13 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.14 Defendant had actual or constructive knowledge of the facts set forth above.

6.15 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

6.16 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

6.17 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.18 Defendant had actual or constructive knowledge of the facts set forth above.

6.19 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

6.20 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

6.21 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

6.22 Defendant had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.23 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

6.24 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.

6.25 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

6.26 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

6.27 Defendant had actual or constructive knowledge of the facts set forth above.

6.28 Failure to pay all wages due at termination. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

6.29 Defendant had actual or constructive knowledge of the facts set forth above.

6.30 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

6.31 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

6.32 Defendant had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VII. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

7.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

7.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

7.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

7.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

7.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

8.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

8.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

8.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

8.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

8.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

8.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

**IX. THIRD CLAIM FOR RELIEF**

**(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)**

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

9.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

9.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

**X. FOURTH CLAIM FOR RELIEF**

**(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)**

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

10.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

10.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XI. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

11.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

11.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

11.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XII. SIXTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

12.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

12.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

12.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) who are no longer employed by Defendant have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendant are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. SEVENTH CLAIM FOR RELIEF

## (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

13.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 13th day of July, 2026.

**JUSTICE LAW CORPORATION**

By: */s/ Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*/s/ Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
*/s/ April Rhéaume*
April Rhéaume, WSBA #57119
Email: arheaume@justicelawcorp.com
1215 4th Ave, Suite 1630
Seattle, Washington 98101
Telephone: (360) 207-0000
Facsimile: (818) 230-7259
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On July 13, 2026, I mailed by regular U.S. Mail, postage prepaid a true copy of the below and sent a courtesy copy:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Barbara A. Blackburn
bblackburn@littler.com
Jason Harrington
jharrington@littler.com
**Legal Staff:**
Karen Fiumano Yun
kfiumano@littler.com
**LITTLER MENDELSON, P.C.**
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122

**[X] By U.S. Mail**
**[X] By Electronic Mail**
**[X] By ECF**

*Attorneys for Defendant* Americold Logistics, LLC

Executed on July 13, 2026, at Seattle, Washington.

*/s/ Naomi Hailu*
Naomi Hailu



JUSTICE LAW CORPORATION
1215 4th Ave, Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com